01

02

03

04

05

06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 JORGE RIVERA-SANCHEZ,                    )
                                           )   CASE NO. C09-1201-MJP
09          Petitioner,                    )
                                           )
10   v.                                    )   REPORT AND RECOMMENDATION
                                           )
11 UNITED STATES OF AMERICA                )
                                           )
12          Respondent.                    )
     _____     )

13

14                        INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner filed a motion for a reduction of his sentence pursuant to 18 U.S.C. §

16 3582(c)(2).  (Dkt. 1.)  The Court construed the motion as one pursuant to 28 U.S.C. § 2255

17 and referred it to the undersigned for consideration.  (Dkt. 4.)

18          Petitioner entered a guilty plea on February 22, 2005, to conspiracy to distribute

19 methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846.  (Dkt. 6, Ex.

20 A.)  He made the plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with both

21 parties agreeing on a sentencing range of 120 to 156 months.  (*See id*., Ex. B.)  The Court

22 accepted the plea and sentenced petitioner, on May 20, 2005, to 132 months in prison and five

REPORT AND RECOMMENDATION
PAGE -1

01   years of supervised release.   (*Id.,* Ex. A.)   Petitioner did not appeal his sentence.

02          Petitioner now seeks a decrease in his sentence.   (Dkt. 1.)   Respondent opposes

03   petitioner's motion, whether construed as a motion for a sentence reduction or a § 2255 petition.

04   (Dkt. 6.)   Petitioner did not reply to respondent's opposition.   For the reasons described

05   below, the Court concludes that petitioner's motion should be denied and this case dismissed.

06          Petitioner's motion seeks a reduction of his sentence pursuant to § 3582(c)(2).   The

07   Court should, therefore, decline to recharacterize the motion as one under § 2255.   *See*

08   *generally United States v. Seesing*, 234 F.3d 456, 463-64 (9th Cir. 2001) (as amended) ("When

09   presented with a pro se motion that could be recharacterized as 28 U.S.C. § 2255 motion, a

10   district court should not so recharacterize the motion unless: (a) the pro se prisoner, with

11   knowledge of the potential adverse consequences of such a recharacterization, consents or (b)

12   the district court finds that because of the relief sought that the motion should be

13   recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity,

14   after informing the prisoner of the consequences of recharacterization, to withdraw the

15   motion.")   Given this recommendation, the undersigned considers petitioner's claims solely in

16   relation to § 3582.[1]

17          Section 3582(c)(2), in relevant part, authorizes a court to reduce an imposed term of

18   imprisonment "in the case of a defendant who has been sentenced . . . based on a sentencing

19   range that has subsequently been lowered by the Sentencing Commission . . . , if such a

20   ─────────────

21   1   The Court does note that, as argued by respondent, a § 2255 petition filed now by petitioner would be time-barred by the applicable statute of limitations.   *See* 28 U.S.C. § 2255(f) (one-year statute of limitations begins to run, unless an exception applies, on the date on which the judgment of conviction becomes final); *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (where no direct appeal filed, conviction becomes

22   final at the expiration of the time in which such an appeal could have been filed – ten days after the entry of judgment); (Dkt. 6, Ex. A (court accepted plea from and sentenced petitioner on May 20, 2005).)

REPORT AND RECOMMENDATION
PAGE -2

01  reduction is consistent with the applicable policy statements issued by the Sentencing

02  Commission."   As observed by respondent, defendants whose guidelines have not changed are

03  not entitled to resentencing.   USSG § 1B1.10(a) ("A reduction in the defendant's term of

04  imprisonment is not consistent with this policy statement and therefore is not authorized under

05  18 U.S.C. 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of

06  lowering the defendant's applicable guideline range.")

07      Petitioner relies on Amendment 591 to the Sentencing Guidelines in arguing for a

08  reduction of his sentence.   However, for the reasons asserted by respondent and described

09  below, petitioner does not qualify for a sentence reduction based on Amendment 591.

10      Amendment 591 was effective November 1, 2000, long before petitioner's 2005

11  sentencing.   18 U.S.C.S. Appx. C, Amend. 591.   This amendment, therefore, affords

12  petitioner no relief under § 3582(c)(2).   *United States v. Sprague*, 135 F.3d 1301, 1303 (9th

13  Cir. 1998) (§ 3582(c)(2) provides redress if the Sentencing Guidelines were changed

14  subsequent to sentencing).   Moreover, even if Amendment 591 did not precede petitioner's

15  sentence, it references USSG § 2X.1.1 – "Attempt, Solicitation, or Conspiracy (Not Covered by

16  a Specific Guideline)" (emphasis added) – rather than the drug conspiracy for which petitioner

17  was convicted, 21 U.S.C. § 846, which is covered by a specific guideline.   Finally, petitioner's

18  sentence did not rest on the applicable guideline range; it resulted from a stipulation in his plea

19  agreement pursuant to Rule 11(c)(1)(C).   It thus appears that, even if a retroactive guideline

20  amendment could be identified, this Court would lack the authority to reduce petitioner's

21  sentence under § 3582(c).   *United States v. Bride*, 581 F.3d 888, 889-91 (9th Cir. 2009) (where

22  a sentence is imposed based on the binding agreement of the parties, rather than the applicable

REPORT AND RECOMMENDATION
PAGE -3

01   guidelines range, the district court lacks authority to reduce the sentence under § 3582(c)(2)),

02   cert. denied 130 S. Ct. 1160 (2010).   *See also United States v. Trujeque*, 100 F.3d 869, 871

03   (10th Cir. 1996) (where sentence based on a valid plea agreement, rather than "'on a sentencing

04   range that has subsequently been lowered by the Sentencing Commission,'" district court

05   should dismiss §3582(c)(2) motion "without considering its merits.") (quoting § 3582(c)(2)).

06          In sum, petitioner does not qualify for a reduction of his sentence under § 3582(c)(2).

07   As such, his motion for a sentence reduction should be DENIED and this case DISMISSED.

08   A proposed Order of Dismissal accompanies this Report and Recommendation.

09          DATED this 23rd day of August, 2010.

10

11                                                              Mary Alice Theiler

12                                                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -4